■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HOOPER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered August 25, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of from 12 1/2 to 25 years' and from 5 to 15 years' imprisonment, respectively.

Judgment modified, on the law, by reducing the minimum

term of the sentence imposed on defendant's conviction of manslaughter in the first degree from 12 1/2 years to 8 1/3 years. As so modified, judgment affirmed.

By Kings County indictment No. 61/83, defendant was charged with murder in the second degree and criminal possession of a weapon in the second degree. The charges arose from the July 14, 1980, shooting death of Jeffrey William Pinder at a playground in Brooklyn. When the police arrived at the scene, the victim's brother, an eyewitness to the crime, stated that he knew the assailant, who was a neighbor residing in the same apartment building as the victim. The eyewitness gave the police the defendant's name, address and description, stating that defendant was the man who had killed his brother. A few days later the police showed the witness a single photograph of the defendant, and he confirmed that defendant was the person who had committed the crime.

The hearing court properly denied defendant's motion to suppress in-court identification of defendant by the eyewitness.

Testimony by the witness amply supports the court's determination that he knew the defendant prior to the incident. Therefore, the police display of a single photograph of the defendant was proper because it did no more than confirm that the right person would be arrested. Under the circumstances, the suggestiveness of the police identification procedures is not sufficient to warrant suppression (*see, People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 552; *People v Fleming,* 109 AD2d 848).

Based upon the record, we find, contrary to defendant's contention, that his guilt was proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People, we find that it was sufficient in both quantity and quality to support the verdict. The testimony of the single eyewitness is sufficient to support the conviction (*see, People v Arroyo,* 54 NY2d 567, 578, *cert denied* 456 US 979). The jury was entitled to give great weight to the testimony of that eyewitness and reject that of defendant and his alibi witness. Matters of credibility, reliability and the weight to be given to the witnesses' testimony are for the jury to determine (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620, 621). On this record, we find no basis to disturb the verdict.

The People correctly point out that a modification of the

sentence is required because the trial court apparently erroneously believed that manslaughter in the first degree is an armed felony offense, and sentenced defendant on that basis. Under CPL 1.20 (41), manslaughter is not an armed felony offense because neither the possession nor the display of a gun is an element of the crime (*see, People v Gonzalez,* 99 AD2d 1001). Under Penal Law § 125.20, manslaughter in the first degree is a class B violent felony. Accordingly, under Penal Law § 70.02 (4), the court should have sentenced defendant to one third of the maximum 25-year sentence, or 8 1/3 years, rather than to one half of the 25-year maximum sentence, or 12 1/2 years. We have modified the minimum term of the defendant's sentence on that charge so that he will now have to serve a term of from 8 1/3 to 25 years' imprisonment therefor.

Finally, as to defendant's other claims of error, we find that they are either not preserved for review, harmless, or without merit. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.