■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO FRASCELLA, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County (Lagana, J.), both rendered March 30, 1983, the first convicting him under indictment No. 4980/82 of manslaughter in the first degree, upon his plea of guilty, and imposing sentence, and the second convicting him under indictment No. 4353/82 of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment pursuant to indictment No. 4980/82 modified, on the law, by reducing the minimum term of the sentence on the manslaughter conviction from 12½ to 8⅓ years. As so modified, judgment affirmed.

Judgment pursuant to indictment No. 4353/82 affirmed.

Defendant failed to raise his objections to the adequacy of his plea allocutions in the court of first instance and accordingly has not preserved his claims for appellate review *(see, CPL* 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Rodriguez,* 114 AD2d 475). In any event, we find that the allocutions established the requisite elements of manslaughter in the first degree and robbery in the first degree and that defendant knowingly and intelligently pleaded guilty thereto *(see, People v Harris,* 61 NY2d 9).

Although defendant's counsel has failed to raise the issue, the District Attorney concedes that defendant's sentence of 12½ to 25 years in prison on his conviction of manslaughter in the first degree, a class B violent felony offense, was illegal.

The minimum period of imprisonment that may be imposed for a violent felony offense (if a defendant is not a predicate felony offender) cannot exceed one third of the maximum, unless the sentence is for a conviction of a class B armed felony offense (Penal Law § 70.02 [4]). Manslaughter in the first degree is not an armed felony offense since neither the possession nor display of a gun is an element of the crime *(People v Hooper,* 112 AD2d 317; *People v Gonzalez,* 99 AD2d 1001). We have reduced the minimum term accordingly. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.