■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMUEL MERCER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered June 14, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him to a term of imprisonment of 8 to 16 years. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentencing.

Contrary to the defendant's assertion, the record is barren of any evidence tending to show that the defendant's inculpatory statements were obtained "by means of any promise or statement of fact, which promise or statement create[d] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]), thereby rendering them involuntary. The contention that the defendant was misled by statements that he would not be charged with a crime due to a defense of justification was refuted by the defendant himself on direct examination when he was asked the following question and gave the following answer:

"Q And did anybody else tell you that if you explained this that it was in self-defense that you wouldn't be charged with a crime?

"A [The police officer] told me—he didn't tell me I wouldn't

be charged with a crime. He told me it would be decided on what I would be charged with".

Further, there is no proof that the defendant was deceived so as to induce a false confession *(see, People v Tarsia,* 50 NY2d 1).

However, as the defense counsel asserts and the People concede, the defendant's sentence of imprisonment for a term of 8 to 16 years upon his conviction of manslaughter in the first degree, a class B violent felony offense, was illegal.

"The minimum period of imprisonment that may be imposed for a violent felony offense (if a defendant is not a predicate felony offender) cannot exceed one third of the maximum, unless the sentence is for a conviction of a class B armed felony offense (Penal Law § 70.02 [4]). Manslaughter in the first degree is not an armed felony offense since neither the possession nor display of a gun is an element of the crime". *(People v Frascella,* 116 AD2d 587; *see also, People v Hooper,* 112 AD2d 317; *People v Gonzalez,* 99 AD2d 1001). Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.