■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. RAMIREZ, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Owens, J.), rendered March 12, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of from 12½ to 25 years' imprisonment.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed from 12½ years to 8⅓ years. As so modified, the judgment is affirmed.

The defendant contends that he was prejudiced by the prosecutor's use on cross-examination of an unrelated gun possession charge that was pending against him at the time of trial and which the court had ordered precluded from use as impeachment evidence. However, the defendant made the assertion on direct examination that he had never owned a gun in his life and it was, therefore, entirely proper for the prosecutor to ask the defendant if he had not, in fact, possessed a gun at the time of his arrest. The prosecutor avoided any mention of criminal charges associated with the gun possession and in so doing avoided any error (cf. People v Cook, 37 NY2d 591, 596).

The defendant's request that the jury be instructed to consider manslaughter in the second degree (reckless manslaughter) as a lesser included offense of murder in the second degree on the theory that his claimed intoxication made him act recklessly was legally incorrect and properly denied by the court (Penal Law § 15.05 [3]; People v Register, 60 NY2d 270, 280, cert denied 466 US 953).

The sentence imposed must be modified since manslaughter is not an armed felony offense and the minimum term should be one third of the maximum rather than one half (Penal Law § 70.02 [4]; People v Hooper, 112 AD2d 317, 319). We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.