■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS McCRIMMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 16, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court that the complainant's identification of the defendant at the crime scene, four days after the incident, was not unduly suggestive. The purpose of the complainant's observation of the defendant was to confirm that the right person would be arrested (see, People v Gissendanner, 48 NY2d 543, 552; People v Hooper, 112 AD2d 317, 318).

The testimony of the complainant alone was sufficient to support the conviction (see, People v Arroyo, 54 NY2d 567, 578, cert denied 456 US 979). The jury was entitled to give great weight to his testimony and to reject that of the defendant

and his alibi witnesses. Matters of credibility, reliability and the weight to be given to the witnesses' testimony are primarily for the jury to determine (see, People v Hooper, supra, at 318). Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Further, contrary to the defendant's contention, the trial court gave a thorough charge to the jury on the issue of identification (see, 1 CJI [NY] 10.01, at 580; People v Daniels, 88 AD2d 392; see also, People v Whalen, 59 NY2d 273, 276).

The defendant further claims that the admission of his statement to the police on the People's direct case warrants reversal. However, since the defendant did not object to the admission of the statement at the time it was offered into evidence, the issue is not preserved for our review as a matter of law (see, People v Rivera, 53 NY2d 1005). With respect to the defendant's contention that his statement should have been suppressed because it was taken in contravention of his right to counsel, we note that the only issue raised in his omnibus motion is the voluntariness of the statement. While the court (Coffinas, J.) had apparently ordered Wade and Huntley hearings, the trial court only held a Wade hearing, without objection by trial counsel. Accordingly, there is no basis in this record upon which we may determine that the statement was improperly admitted into evidence (see, People v Hunter, 122 AD2d 166, lv denied 68 NY2d 770). Further, we cannot conclude on this record that defense counsel's failure to pursue a Huntley hearing or to object to the admission into evidence of the defendant's statement constituted ineffective assistance of counsel. None of the defendant's other arguments with respect to counsel's conduct at the trial warrant a finding that the defendant was denied meaningful representation at the trial (see, People v Baldi, 54 NY2d 137).

In addition, the trial court, based upon trial defense counsel's offer of proof, did not abuse its discretion by denying the defendant's request to call a certain witness (see, People v Johnson, 61 NY2d 932). In any event, even if it were error, we would find that it was harmless (see, People v Crimmins, 36 NY2d 230, 238-242; People v Daly, 64 NY2d 970, 971).

The other contentions raised by the defendant in his pro se supplemental brief are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.