■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. AZZARA, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 10, 1985, convicting him of robbery in the first degree under indictment No. 152/83, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, rendered July 10, 1985, convicting him of bail jumping in the first degree under indictment No. 1211/84, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment of 3½ to 7 years to run concurrent with the sentence imposed on the conviction of robbery in the first degree under indictment No. 152/83, and (3) an amended judgment of the same court (Seidell, J.), rendered July 10, 1985, convicting him of violation of probation under superior court information W-3374-82, upon his plea of guilty, and imposing sentence.

Ordered that the judgment under indictment No. 152/83, and the amended judgment under superior court information W-3374-82 are affirmed; and it is further,

Ordered that the judgment under indictment No. 1211/84 is modified, on the law and as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence imposed on the conviction of bail jumping in the first degree from 3½ to 2⅓ years; as so modified, the judgment under indictment No. 1211/84 is affirmed.

Contrary to the defendant's assertions, we find that the testimony of the complainant alone was sufficient to support the conviction of robbery in the first degree (see, People v Arroyo, 54 NY2d 567, 578, cert denied 456 US 979). The testimony of the complainant demonstrated that she was accosted by the defendant in her car, that he threatened her with a handgun, and that he subsequently took $46 in cash from her. The jury could reasonably have decided to credit her testimony, particularly in view of the certainty with which she identified the defendant as her assailant, and to reject

that of the alibi witnesses (see, People v Hooper, 112 AD2d 317, 318). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We further conclude that the alibi charge, viewed in its entirety, properly conveyed the relevant principles of law to the jury even though the trial court did not specifically state that the People were required to disprove the alibi beyond a reasonable doubt (see, People v Hydleburg, 127 AD2d 792, lv denied 70 NY2d 648). Significantly, the court emphasized to the jury that the defendant had no burden to prove his innocence, and that the People had the entire burden of establishing that the defendant was the individual who had in fact committed the crime (cf., People v Victor, 62 NY2d 374, 378). The court also instructed the jury that even if it disbelieved the testimony of the alibi witnesses, the People were still required to prove the defendant's guilt beyond a reasonable doubt (cf., People v Ciesluk, 106 AD2d 514). The charge thus unequivocally conveyed to the jury that the People bore the burden of disproving the alibi defense beyond a reasonable doubt, and the failure of the court to state this principle explicitly is therefore of no moment.

We also reject the defendant's contentions with respect to the alleged suggestiveness of the photographic identification procedure employed by the police. Although this court has recognized that "the danger of misidentification will be increased if the police show a witness pictures of several persons among which the photograph of a single individual resembling the perpetrator recurs * * * [since] the witness is apt to retain in his memory the image of the photograph rather than the person actually seen" (People v Malphurs, 111 AD2d 266, 268, lv denied 66 NY2d 616, 920), the procedure used here was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Here, the complainant viewed 219 photographic slides of white males who had been arrested as robbery suspects from June 1982 to February 1983. She made positive identifications of her assailant, without prompting by the police, upon viewing the thirteenth and twenty-third slides. She did not recognize any of the other people depicted in the photographs. At the conclusion of the procedure, she expressed concern that she could not determine which of the individuals represented in the two slides she had chosen was her assailant, whereupon the attending police officer told her that the two photographs were of the same person. Since the first photographic identification

was a positive one, and absent any extraneous factors tending to exacerbate the risk of misidentification, the subject procedure may not be deemed unduly suggestive (see, People v Bowers, 128 AD2d 541).

However, we find that the sentence imposed by the court with respect to the defendant's conviction of bail jumping in the first degree was illegal and must be reduced. The defendant was not sentenced as a prior felony offender. Consequently, the minimum term imposed should have been one third rather than one half the maximum, and we have modified the sentence accordingly. We further note that this matter need not be remitted for resentencing inasmuch as the court evidently intended to sentence the defendant to the maximum permissible term with respect to this count (see, People v Hooper, 112 AD2d 317, 319, supra; People v Gonzalez, 99 AD2d 1001).

We have examined the remainder of the defendant's contentions and find them to be without merit. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.