■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ROSARIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 14, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the fatal stabbing of Mary Morales on December 28, 1984, in the kitchen of the Brooklyn apartment he shared with the victim.

The testimony elicited at the trial revealed that earlier in the day on the date of the crime the defendant was drunk, had been quarreling with the victim, and had threatened to kill her. The key prosecution witness, Elsie Cruz, a resident of

an apartment adjacent to the crime site, testified that on the date of the crime she saw the defendant and Morales enter their apartment, overheard them quarreling, and also heard the defendant repeatedly threaten to kill Morales. She also heard the rattle of silverware followed by Morales screaming to the defendant to "put the knife down" and the sounds of a violent struggle. Thereafter, Cruz heard the sound of the defendant vigorously washing his hands.

The trial testimony also showed that there were no signs of forced entry into the victim's apartment, the murder weapon was a kitchen knife belonging to the victim, and the disarray in the apartment had been created by the defendant following the murder.

We find no merit to the defendant's contention that the prosecution failed to prove his guilt beyond a reasonable doubt because the evidence adduced to support his conviction was purely circumstantial. The proof was sufficient to lead to a conclusion of guilt beyond a reasonable doubt and the facts proved excluded every other reasonable hypothesis but the defendant's guilt (see, People v Talley, 110 AD2d 792, lv denied 65 NY2d 821). Thus, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find the evidence was legally sufficient to establish every element of the crime.

Nor are we persuaded by the defendant's argument that Elsie Cruz should not have been believed by the jury because it was impossible for her to have heard everything she testified that she heard. Issues of credibility of witnesses and the weight to be accorded to the evidence presented are generally within the province of the triers of fact and their determination should not be disturbed unless clearly unsupported by the record (see, People v Bailey, 134 AD2d 356, lv denied 70 NY2d 952; People v McCrimmon, 131 AD2d 598, lv dismissed 70 NY2d 714). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Further, contrary to the defendant's contention, the trial court's circumstantial evidence charge to the jury conveyed the proper standard of review (see, People v Sanchez, 61 NY2d 1022, 1024).

We have considered the defendant's remaining contentions, including the claimed excessiveness of the sentence imposed, and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.