■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZIKEL ROSS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 25, 1984, convicting him of rape in the first degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed on the rape conviction from 10 years' imprisonment to 6⅔ years' imprisonment; as so modified, the judgment is affirmed.

A modification of the sentence on the conviction of rape in the first degree is required because the sentencing court apparently erroneously believed that rape in the first degree was an armed felony offense and sentenced the defendant on that basis *(see,* Penal Law § 70.02 [4]). However, under CPL 1.20 (41), rape in the first degree is not an armed felony offense because neither possession nor display of a firearm is an element of that crime *(see,* Penal Law § 130.35). Rape in the first degree is a class B violent felony. Accordingly, the defendant should have been sentenced to a minimum term of one third the maximum term (Penal Law § 70.02 [3], [4]; *People v Frascella,* 116 AD2d 587; *People v Hooper,* 112 AD2d 317, 319). We have, therefore, reduced the minimum term to 6⅔ years.

With respect to the conviction of robbery in the first degree, the sentence is affirmed. That crime, as charged in the indictment in this case, was an armed felony offense within the meaning of CPL 1.20 (41) *(see,* Penal Law § 160.15 [4]).

Furthermore, the defendant has not demonstrated the existence of any exceptional circumstances indicating that the sentence imposed constitutes cruel and unusual punishment *(see, People v Medina,* 140 AD2d 549; *People v Albano,* 124 AD2d 739, 740, *lv denied* 69 NY2d 824). There is no indication that the concurrent terms imposed, which were less than the maximum permissible terms, were either disproportionate to the crimes committed or to the sentences imposed upon other persons convicted of similar crimes *(see, People v Broadie,* 37

NY2d 100, *cert denied* 423 US 950). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.