■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE COX, Also Known as FREDDY COX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), convicting him of murder in the second degree (two counts), robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of New Year's Day in 1986 Cornelius Davis was fatally shot during a robbery committed in the elevator of the building in Brooklyn where Davis resided with his wife and children. After a jury trial, the defendant was convicted of two counts of murder (felony and intentional) and one count each of robbery in the first degree and criminal possession of a weapon in the second degree. The principal evidence presented by the prosecution against him was the testimony of Gloria Mack, a neighbor of the deceased victim.

On this appeal, the defendant argues that his guilt was not established beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Mack, who had known the defendant for more than two years, testified that she heard two gunshots as she waited for the elevator in the lobby of the building where she resided. As the elevator doors opened, she saw the defendant inside holding a large gun with gray tape around the handle standing over the blood-covered Davis. Mack also recognized the defendant's three accomplices who were in the elevator with the defendant and Davis. Testimony of the Medical Examiner revealed that Davis had been killed by gunshot wounds caused by two

.38 caliber bullets fired at a distance of no more than 12 to 18 inches. Two days after the incident, the police found the gun Mack described, a loaded .38 caliber revolver, at the home of the defendant's girlfriend.

The contentions raised by the defendant in this regard challenge Mack's credibility, characterizing her as a mentally ill woman who had trouble remembering the incident. Mack's emotional and psychiatric problems were explored at length before the jury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The jury could reasonably have decided to credit Mack's testimony. Moreover, we find that Mack's testimony standing alone would be sufficient to support the conviction *(see, e.g., People v Howard,* 153 AD2d 903; *People v Azzara,* 138 AD2d 495; *People v McCrimmon,* 131 AD2d 598). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contentions, raised by appellate counsel and by the defendant in his supplemental *pro se* brief, that he was deprived of a fair trial as a result of the prosecutor's questioning of the witness Mack regarding her identification of the defendant's photograph in a mugbook and improper remarks made by the prosecutor in his summation. The defense counsel opened the door on cross-examination to testimony concerning the mugbook identification and, therefore, the prosecutor could properly pursue this line of questioning on redirect to clarify and explain the issue *(see, People v Melendez,* 55 NY2d 445, 451; *People v Merlino,* 145 AD2d 654). The prosecutor's summation must be evaluated in comparison to that of defense counsel which, at bar, called into question the veracity of the People's witnesses. Therefore, the prosecutor was permitted to respond by suggesting that the jury consider the witnesses' demeanor and lack of motivation to lie. Viewed in light of the defense summation the prosecutor's challenged remarks were not unreasonable *(see, People v Galloway,* 54 NY2d 396, 399; *People v Shaw,* 150 AD2d 626, 627). Although the prosecutor's comments concerning the failure of the defendant to call his girlfriend as an alibi witness were improper, they were the subject of prompt curative instructions with which defense counsel was appar-

ently satisfied and which served, in any event, to dispel any prejudice arising therefrom (see, People v Williams, 46 NY2d 1070, 1071).

In view of the defendant's previous involvement with the criminal justice system and the brutal nature of the robbery and murder, the sentencing Judge acted properly in imposing the challenged sentence, and we decline to exercise our discretion to modify it (see, People v Suitte, 90 AD2d 80, 85-87).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.