THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AYALA, Appellant. [599 NYS2d 983] —Appeal by the defendant (1) as limited by his motion, from a sentence of the Supreme Court, Queens County (Sherman, J.), imposed February 26, 1991, upon his conviction of manslaughter in the first degree, upon his plea of guilty, the sentence being an indeterminate term of 12½ to 25 years imprisonment, and (2) by permission, from an order of the same court, dated October 21, 1991, which denied his motion pursuant to CPL 440.20 to vacate his sentence as illegal and to resentence him to an indeterminate term of 8⅓ to 25 years imprisonment.

Ordered that the sentence is modified, on the law, by reducing the term of imprisonment to an indeterminate term of 8⅓ to 25 years imprisonment; as so modified, the sentence is affirmed; and it is further,

Ordered that the appeal from the order is dismissed as academic, in view of the determination on the appeal from the sentence.

As the defendant correctly contends, and the People concede, the crime of manslaughter in the first degree is not an armed felony offense, inasmuch as neither the possession of a gun nor the display of what appears to be a gun is an element of that crime *(see,* CPL 1.20 [41]; *People v Mercer,* 121 AD2d 476; *see also, People v Marty,* 150 AD2d 171). Hence, since the defendant is not a second felony offender, the minimum period of imprisonment cannot exceed one-third of the maximum *(see,* Penal Law § 70.02 [4]). Accordingly, we have reduced the sentence to an indeterminate term of 8⅓ to 25 years impris-

onment. In view of this determination, we dismiss the defendant's appeal from the denial of his motion pursuant to CPL 440.20 as academic. Mangano, P. J., Sullivan, Rosenblatt, Santucci and Joy, JJ., concur.