exercise of our interest of justice jurisdiction. Feuerstein, J.P., Krausman, Goldstein and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAIRE MITCHELL, Appellant. [740 NYS2d 640] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 12, 2000, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (see CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19; *People v Williams,* 247 AD2d 416). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MORRIS, Appellant. [742 NYS2d 637] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 16, 2000, convicting him of attempted burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is not preserved for appellate review, as he failed to raise that issue with specificity at his trial (*see People v Polk,* 284 AD2d 416). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was