█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LEWIS, Appellant. — Main, J. Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered September 19, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree.

Defendant was indicted for the crimes of grand larceny in the third degree and criminal possession of stolen property in the second degree as a result of his alleged participation in the burglary of a jewelry shop located in a resort hotel. Plea bargaining resulted in an agreement wherein defendant would plead guilty to the criminal possession count in full satisfaction of the indictment in exchange for which the District Attorney agreed to recommend that defendant, a predicate felon, be sentenced to an indeterminate prison sentence of 1½ to 3 years. When defendant appeared in court to enter his plea, he professed his innocence and claimed that he was being "railroaded" and was pleading guilty only because he had no chance of success if he chose to go to trial. County Court quite properly declined to accept the plea and remitted defendant to the custody of the Sheriff to await trial. Defendant apparently changed his mind and, when before the court five days later, pleaded guilty and was sentenced in compliance with the plea bargain.

Defendant appeals from that conviction and asserts that County Court erred in accepting the plea because defendant's responses at the first plea proceeding indicated his innocence and that he was so confused as not to be able to make a knowing and intelligent plea, so that there was no valid basis for a proper plea.

From our search of the record, it does not appear that this issue was raised by a motion to vacate or otherwise in the court of first instance and, accordingly, has not, as a matter of law, been preserved for appellate review (*People v Pascale,* 48 NY2d 997; *People v Bell,* 47 NY2d 839; *People v Dunbar,* 105 AD2d 986). Moreover, our review further indicates that defendant's assertions pay no heed to his second appearance before County Court, when he admitted the essential elements of the crime to which he pleaded and clearly made a voluntary and knowing plea. Hence, we find no reason to reverse the judgment in the

interest of justice (*cf. People v Johnson,* 107 AD2d 947; *People v Santiago,* 100 AD2d 857; *People v Fernandez,* 91 AD2d 1073).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.