■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY T. HAMMOND, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered June 30, 1983, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the fifth degree (two counts).

At trial, the People presented the testimony of a police informant, two State Police officers and a State Police forensic scientist. Defendant was the sole witness presented by the defense. The People's evidence established the sale by defendant of controlled substances to the police informant individually and also to the informant and an undercover police officer in each other's presence. It was defendant's contention that the sales were made as an accommodation to and for the benefit of the informant who, defendant further contended, provided the controlled substances which were sold. The jury accepted the evidence presented by the People and rejected the version of events offered by defendant and found defendant guilty on all counts. The trial court imposed an indeterminate sentence of imprisonment having a maximum term of 25 years and a minimum term of 8⅓ years on each count of criminal sale of a controlled substance in the third degree, to run consecutively, and a lesser term of imprisonment upon the convictions of criminal sale of a controlled substance in the fifth degree to run concurrently with the other sentences imposed.

On appeal, defendant contends that the sentence imposed was harsh and excessive. The imposition of a maximum sentence does not necessarily mean that the trial court abused its discretion *(People v Purdie,* 58 AD2d 715). In this case, if the aggregate minimum and maximum periods of imprisonment are added to arrive at an aggregate of each, the terms of imprisonment would be a minimum of 25 years and a maxi-

mum of 75 years. In such circumstances, however, the Department of Correctional Services is required to calculate defendant's term of imprisonment so that the aggregate maximum term of imprisonment under the sentences imposed does not exceed 30 years and the aggregate minimum period of imprisonment does not exceed 15 years (Penal Law § 70.30 [1] [b]). The sentences, as such, are not illegal and do not require modification, but shall be deemed to be within the limits set forth above (see, People v Moore, 61 NY2d 575).

There is also an issue of ineffective assistance of counsel raised by defendant, who contends, among other things, that his trial counsel should have raised a defense of entrapment. Such a defense would be inappropriate and without foundation or support in this record. Moreover, the necessary elements to provide this defense are negated by defendant's own testimony. Upon the record in its entirety, we find nothing to suggest that defendant was denied the effective assistance of counsel. Nor do we find any merit in the issues raised by defendant *pro se*. These issues relate to evidentiary matters which do not provide any basis to disturb the verdict of the jury.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.