■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY T. HAMMOND, Appellant.—Kane, J. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered August 14, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the fifth degree (two counts), without a hearing.

Defendant alleges that he was denied effective assistance of counsel in that his trial attorney did not properly prepare his case and did not interview certain witnesses that defendant

claims were important to his case. He makes his argument by way of a CPL 440.10 motion and he has submitted a sworn affidavit from his wife, as well as two unsworn letters written by his trial attorney, to support his argument. County Court denied defendant's motion without a hearing. Noting that this court had previously rejected defendant's argument of ineffective assistance of counsel on his direct appeal *(see, People v Hammond,* 116 AD2d 766, 767, *lv denied* 67 NY2d 943), County Court found that "defendant's extra-record submissions do not contain any significant additional showing". We agree with the court's decision and, accordingly, affirm.

While defendant previously made this argument on direct appeal, his current allegation is based on facts outside the record, therefore making the instant proceeding pursuant to CPL 440.10 proper *(see, People v Robinson,* 122 AD2d 173, 175, *lv denied* 68 NY2d 1003; *People v Welch,* 108 AD2d 1020, 1021). Nevertheless, his papers fail to allege sufficient facts to support his claim and are conclusory in nature *(see,* CPL 440.30 [4]; *People ex rel. Dixon v Smith,* 112 AD2d 50, *lv denied* 65 NY2d 610). The sworn statement of defendant's wife states only that she "had personal knowledge that would have been useful" had she been interviewed. No factual basis is given to support this assertion. Additionally, the reason that defendant's attorney first met with defendant before jury selection was due to the fact that he was replacing defendant's previous attorney. In one of his letters, the attorney indicates that no motions were made because the previous attorney had already made them. With respect to interviewing witnesses, defendant's attorney, in his second letter, states that they would have given only hearsay evidence. Aside from the fact that both these letters are unsworn, they offer no support for defendant's argument. Therefore, defendant has made no showing "that the nonrecord facts sought to be established are material and would entitle him to relief" *(People v Satterfield,* 66 NY2d 796, 799). Accordingly, County Court properly denied the motion without a hearing.

Order affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.