■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROWNELL, Appellant.—Mikoll, J.

Defendant faced possible indictment for some 456 potential charges including rape in the first degree and sodomy in the first degree, both class B felonies, as well as sexual abuse in the first degree, a class D felony, allegedly perpetrated by him upon his two daughters over an 8-to-13-year time frame during their pre-teen-age and teen-age years. As a result of plea negotiations, defendant was not indicted but was allowed to enter two pleas of guilty to separate and distinct counts of rape in the first degree alleged in two superior court informations. He was sentenced to consecutive 8⅓-to-25-year terms of imprisonment. This appeal ensued.

Defendant contends that his pleas of guilty were not knowing, voluntary or intelligent because (1) he was erroneously advised on the law in response to his question regarding whether he would receive the same sentence if he pleaded guilty or if the case went to the Grand Jury, (2) he was denied effective assistance of counsel, and (3) the prosecutor's conduct at his plea and sentencing was improper. Defendant also argues that his sentence was excessive.

There should be an affirmance. Defendant did not move in County Court before sentencing to vacate his pleas on the ground that he was wrongly advised regarding the possible sentences he might receive; nor did he move to vacate the pleas due to any prosecutorial misconduct. Thus, defendant has not preserved a question of law for appellate review *(see,* CPL 440.10; *see also, People v Pascale,* 48 NY2d 997; *People v Bell,* 47 NY2d 839; *People v Lewis,* 111 AD2d 422).

Moreover, were we to consider these issues in the interest of justice, they are without merit. Defendant was, in essence, adequately advised as to the difference in the sentences he might receive. Pleas of guilty to the superior court informations charging the two felonies would subject defendant to a possible prison term of 16⅔ to 40 years (Penal Law § 70.30 [1] [c] [ii]; *see, People v Moore,* 61 NY2d 575, 578; *People v Hammond,* 116 AD2d 766, 767, *lv denied* 67 NY2d 943). Going to trial and being convicted of more than two violent felonies, one of which was a B felony, would expose him to a possible prison term of 25 to 50 years (Penal Law § 70.30 [1] [c] [iii]). The prosecutor stated that if defendant went to trial, "obviously, his exposure to State Prison would be much greater". County Court commented that the prosecutor's statement was correct. The further comment on possible prison exposure was speculative and indefinite and, in view of all the circumstances including defendant's age, then 42, it was not such an overstatement as to materially affect the voluntariness of defendant's plea.

Defendant's final contention that the sentence imposed was excessive is also without merit *(see, People v Hammond, supra,* at 766-767).

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.