■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARTINEZ, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 29, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and witness tampering in the second degree and sentencing him, as a predicate felony offender, to concurrent indeterminate terms of from 12 years' to life and from 3 to 6 years' imprisonment, respectively, unanimously affirmed.

By failing to move to vacate or withdraw his guilty plea at Trial Term, defendant failed to preserve for appellate review his claim that his plea of guilty was not knowingly made. *(People v Pellegrino,* 60 NY2d 636.) Moreover, were we to consider his claim in the interest of justice, we would find it to be without merit.

Defendant acknowledged on the record that he was adequately advised by counsel with respect to his options. His sentence on the witness tampering charge runs concurrently with his sentence on the greater offense of sale of a controlled substance in the second degree and, in light of all the surrounding circumstances, it does not appear that the trial court's erroneous statement, that defendant could be sentenced to 4½ to 9 years on the tampering count as opposed to the 3½-to-7-year maximum that could be imposed upon him as a second felony offender under the statute (Penal Law § 70.06 [3] [d]), materially affected the voluntariness of defendant's plea. *(See, People v Provosty,* 141 AD2d 867, *lv denied* 72 NY2d 960; *People v Brownell,* 140 AD2d 755, *lv denied* 72 NY2d 916.)* Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.