■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL DURRAN, Appellant. [619 NYS2d 269] —Judgments, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered February 3, 1993, convicting defendant, upon his pleas of guilty, of two counts of attempted murder in the second degree under one indictment and of one count of murder in the second degree under a second indictment, and sentencing him to concurrent terms of 10 to 20 years for the attempted murders to be served concurrently with a term of 15 years to life for the murder, unanimously modified, on the law, to the extent of reducing the minimum period for each attempted murder conviction to 6⅔ years, and otherwise affirmed.

The court correctly advised defendant during plea negotiations that he faced a possible total term of 50 years for the two attempted murder counts. Contrary to defendant's contention, this aggregate was not reducible to 40 years under Penal Law § 70.30 (1) (c) (ii) because of the inclusion of the murder count, a class A felony *(see, Matter of Roballo v Smith,* 63 NY2d 485, 489-490). However, defendant is correct in arguing that he was misadvised that the minimum aggregate period for the attempted murder counts could be as much as 25 years. Since attempted murder is not designated as an armed felony (CPL 1.20 [41]), the minimum period could be no more than 8⅓ years on each count (Penal Law § 70.02 [4]), or 16⅔ years in the aggregate. Together with the murder count, on which defendant faced a possible sentence of 25 years to life,

the total sentence could have been 41⅔ years to life, instead of the 75 years to life that the court told defendant during plea negotiations. We cannot accept that defendant would have gone to trial had he been told that he could be sentenced to as much as 41⅔ years to life, instead of 75 years to life, especially since he was negotiating for a minimum of 15 years, which is what he received. Moreover, the court was not required to inform defendant of the minimum portion of the sentence that it could require him to serve *(People v Ramos,* 63 NY2d 640, 643). However, as the People concede, the court should not have sentenced defendant to 10-year minimum periods on the two attempted murder convictions, but 6⅔ years, i.e., one-third of the maximum term imposed *(People v Drew,* 147 AD2d 411), and to that extent we modify the sentence accordingly. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.