■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL GARCIA, Appellant. [660 NYS2d 982] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered June 27, 1995, convicting defendant, upon his plea of guilty, of robbery in the first degree and burglary in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, affirmed.

We find that, under all the circumstances, defendant's decision to plead guilty was not materially affected by any misinformation he received as to the possible scope of sentencing in the event of a conviction after trial (*see, People v Jordan*, 215 AD2d 257, *lv denied* 87 NY2d 847; *People v Durran*, 210 AD2d 34, 35, *lv denied* 84 NY2d 1031; *People v Martinez*, 162 AD2d 274, 275, *lv denied* 76 NY2d 860).

The record, including the commitment sheet, establishes that the court properly imposed sentence with the aid of a presentence report. Concur—Nardelli, Williams and Andrias, JJ.

Milonas, J. P., dissents in a memorandum as follows: I believe that, on the record before us, the guilty plea entered by defendant was not knowing and voluntary because he was repeatedly misinformed as to the maximum exposure he faced after trial. A brief plea discussion in the midst of jury selection reveals that the People had recommended a sentence of from 10 to 20 years, while the court had indicated it was prepared to impose a sentence of 8 to 16 years if defendant pled guilty. Counsel noted for the record that he had explained to his client that the maximum sentence on the top counts of the indictment was 12½ to 25 years; however, he explicitly stated that he also had advised his client of the possibility of an additional, consecutive term for the firearm used in the crimes charged, a term that could be as much as 7½ to 15 years. Counsel then stated that he had pointed out to his client that the total maximum exposure he faced after trial was thus 20 to 40 years. The court noted that the co-defendant had received a sentence of 12½ to 25 years, and that the offer to defendant was thus less than what his co-defendant had received and "considerably less" than the maximum he faced.

Defendant rejected the offer at this juncture but pleaded guilty after jury selection was completed. Prior to the plea colloquy, counsel repeated his understanding of the maximum

exposure, including the possibility of a consecutive term for the weapon charge, while the court, after counsel's statement to this effect, noted that the promised 8 to 16 years was "a bargain" considering the charges and possible penalty after trial. Yet again, at sentencing, when defendant attempted to withdraw his plea, counsel stated that defendant could have received consecutive time for the weapon charge, and that the "potential penalties" faced after trial were "substantially greater" than even the People's offer (10 to 20 years).

It is undisputed on appeal that in fact defendant could not have received a consecutive sentence for the weapon charge, and therefore his maximum exposure after trial was not 20 to 40 years but 12½ to 25 years. Under the circumstances, it cannot be assumed that he would have accepted the promised sentence had he been accurately informed regarding the maximum possible sentence. The difference between the incorrect maximum he was told, the actual maximum and the promised sentence is such that, in my opinion, it had a misleading effect on defendant's decision to enter a plea (*see, e.g., People v Hurd*, 220 AD2d 454; *People v Norman*, 220 AD2d 537). The difference between 20 to 40 and 8 to 16 (the "bargain" promised), as compared to the difference between 12½ to 25 and 8 to 16, is not as negligible as the differences in the cases cited by the People, where it can be said that the mistaken information did not affect defendant's decision to plead guilty in exchange for what was, when viewed in context, a substantially reduced sentence (*e.g., People v Jordan*, 215 AD2d 257, *lv denied* 87 NY2d 847 [sentence of 8 to 16 years imposed, where correct maximum was 32½ to 65 years, not 37½ to 75 years]; *People v Durran*, 210 AD2d 34, *lv denied* 84 NY2d 1031 [defendant promised 15 years to life, where correct maximum was 41⅔ to life, not 75 years to life]; *People v Martinez*, 162 AD2d 274, *lv denied* 76 NY2d 860 [sentence of 3 to 6 years imposed where actual maximum was 3½ to 7 years, not 4½ to 9 years, but sentence to run concurrently with a term of 12 years to life]). I find it disingenuous on the part of the People to argue that the length of the sentence promised·by the court was not an inducement to plead guilty, where the record suggests to the contrary that it was a most significant inducement.