■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK LAWRENCE, Appellant. — Judgment of the Supreme Court, New York County (Berman, J.), rendered July 13, 1982, which convicted defendant after a jury trial of attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the second degree and sentenced defendant to indeterminate concurrent prison terms of 3 to 6 years, 2 to 6 years and 1½ to 4½ years, respectively, is unanimously modified, on the law, to the extent of reversing and vacating the sentence for attempted murder and the matter remanded for resentence on that count and otherwise affirmed. Defendant contends that the sentence for attempted murder in the second degree was illegal. In sentencing defendant to an indeterminate prison term of 3 to 6 years, Trial Term mistakenly assumed that attempted murder in the second degree is an armed felony offense under CPL 1.20. An "armed felony" (CPL 1.20, subd 41) is "any violent felony offense defined in section 70.02 of the penal law that includes as an element either: (a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged; or (b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." Although attempted murder in the second degree is a class B violent felony offense under section 70.02 of the Penal Law, it does not satisfy the second requirement of the definition of an armed felony because its elements do not include either possession of a deadly weapon or display of a firearm. (Penal Law, §§ 110.00, 125.25, subd 1.) The maximum term of an indeterminate sentence for a class B violent felony must be at least six years and must not exceed 25 years. (Penal Law, § 70.02, subd 3, par [a].) The minimum period of imprisonment under an indeterminate sentence for a class B violent felony cannot exceed one third of the maximum term imposed, which in the instant case was six years. Thus, Trial Term erred in setting the minimum period at three years. We have examined the other contentions raised by appellant, and find them to be legally insufficient. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Kassal, JJ.