■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GONZALEZ, Appellant. — Judgment, Supreme Court, Bronx County (Schackman, J.), rendered November 17, 1981, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of from 12½ to 25 years, unanimously modified, on the law, to the extent of reversing the sentence and imposing a sentence of from 8⅓ to 25 years, and, except as thus modified, affirmed. ¶ With commendable candor the District Attorney concedes that defendant's sentence of 12½ to 25 years on his conviction of manslaughter in the first degree, a class B violent felony offense, was illegal. Absent a finding that defendant was a predicate felon, not the case here, the minimum period of imprisonment that may be imposed for a violent felony offense cannot exceed one third of the maximum, unless the sentence is for a conviction of a class B armed felony offense. (Penal Law, § 70.02, subd 4.) Manslaughter in the first degree is not an armed felony offense since neither the possession nor the display of a gun is an element of the crime. (See Penal Law, § 125.20.) Although defendant's use of a gun was a factual element of the crime, since he admitted killing his victims by shooting them with a gun, it was not a statutory element. Since the court obviously intended to sentence defendant to the maximum term allowable, a remand for resentence is unnecessary and we modify accordingly. Concur — Sandler, J. P., Sullivan, Carro, Bloom and Fein, JJ.

■ SONDRA L. KLEIMAN, Respondent, v HARLAN P. KLEIMAN, Appellant. — Order and judgment (one paper), Supreme Court, New York County (William Ford, J.), entered on February 8, 1983, unanimously affirmed, without costs and without disbursements. Concur — Ross, Milonas, Kassal and Alexander, JJ.

Kupferman, J. P., concurs in a memorandum as follows: This award and judgment can be sustained on the ground that the distributive share encompasses maintenance and further that the award of $235,000 has been fashioned by the court at Trial Term to comply with the provisions of sections 71 and 215 of the Internal Revenue Code (US Code, tit 26) so that, payable in 10 equal installments of $23,500, it can be deducted by the defendant husband and taxable to the plaintiff wife. ¶ Inasmuch as the value of the husband's business, 50% of which is being paid to the wife, is substantially based on committed future earnings, it is reasonable that the amounts be tax deductible.