■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SPAIN, Appellant.

We note that the issue raised by defendant concerning his plea of guilty was not presented to the court of first instance by way of a motion to withdraw the plea or vacate the judgment. Accordingly, the issue has not been preserved for review (*see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 100 AD2d 853; *People v Willie,* 101 AD2d 819). In any event, were we to address the merits, we would affirm.

Defendant contends that the County Court erred by accepting his plea without a sufficient factual basis to establish that he

knowingly entered or remained unlawfully in the burglarized premises with intent to commit crimes therein. The indictment charges him with acting in concert with another person in the commission of certain burglaries. His claim on appeal is belied by the record wherein defendant admitted to being a lookout during each of the three burglaries. In any event, it is well established that no uniform mandatory catechism of pleading defendants is required (*People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). The record before us demonstrates that the fundamentals of accepting a plea were observed, that the defendant acknowledged facts sufficient to establish the commission of the crime of burglary in the third degree on three instances and that his plea was knowingly and voluntarily entered (*People v Harris,* 61 NY2d 9). Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.