■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROMAN, Appellant.—Judgment, Supreme Court, Bronx County (Howard E. Goldfluss, J.), rendered May 31, 1984, convicting the defendant, upon his plea of guilty, of two counts of manslaughter in the first degree and sentencing him to two concurrent, indeterminate terms of imprisonment of from 12½ to 25 years, unanimously modified, on the law, to the extent of reversing the sentences and imposing two concurrent sentences of from 8⅓ to 25 years, and except as thus modified, affirmed.

The defendant maintains, and the District Attorney concedes, that the minimum term of his sentence was excessive and illegal. Manslaughter in the first degree is a class "B" violent felony, conviction of which authorizes a minimum term of sentence not in excess of 8⅓ years' imprisonment. (Penal Law § 70.02 [1] [a], § 70.02 [4].) The trial court imposed an enhanced minimum term of 12½ years under the misap-

prehension that manslaughter in the first degree was an "armed felony." Although the defendant admitted guns were used in the killings, this court has held that manslaughter in the first degree is not an armed felony offense since neither the possession nor display of a gun is a statutory element of the crime. *(People v Rhodes,* 107 AD2d 582; *People v Gonzalez,* 99 AD2d 1001; Penal Law § 125.20; CPL 1.20 [41].) Remand is unnecessary where, as here, the People consent to a resentencing and it is patent the trial court intended to impose concurrent maximum sentences. We modify the sentences accordingly. Concur—Kupferman, J. P., Sandler, Asch, Fein and Rosenberger, JJ.