■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SERRANO, Appellant.—Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), rendered November 30,

1981, convicting defendant, following a jury trial, on indictment No. 224/81, of robbery in the first and second degrees, criminal use of a firearm in the first and second degrees, attempted robbery in the first degree and criminal possession of a weapon in the second degree and sentencing him to two terms of from 8⅓ to 25 years on the convictions for robbery in the first degree and criminal use of a firearm in the first degree and four terms of 5 to 15 years on each of the other counts, all to run concurrently, unanimously affirmed.

Judgment (same court), rendered November 30, 1981, convicting defendant following a jury trial on indictment No. 225/81, of robbery in the first degree and criminal use of a firearm in the first degree and sentencing him to two concurrent terms of 8⅓ to 25 years, to run consecutively to the sentences imposed under indictment No. 224/81, unanimously affirmed.

Judgment (same court), rendered November 30, 1981, convicting defendant following a jury trial on indictment No. 1566/80, of attempted murder in the second degree and criminal possession of a weapon in the second degree and sentencing him to concurrent terms of 12½ to 25 years on the attempted murder count and 5 to 15 years on the weapons possession count, to run consecutively with the sentences imposed under indictments Nos. 224/81 and 225/81, unanimously modified, on the law, to the extent of reversing the sentence on the attempted murder in the second degree count and imposing a sentence of 8⅓ to 25 years and, except as so modified, is otherwise affirmed.

The District Attorney concedes that defendant's sentence of 12½ to 25 years on his conviction for attempted murder in the second degree, a class B violent felony offense, was illegal. *(See, People v Gonzalez,* 99 AD2d 1001; Penal Law § 70.02 [4].) Penal Law § 70.02 (4) provides that the minimum period of imprisonment that may be imposed for a violent felony offense cannot exceed one third of the maximum, unless the sentence is for a conviction for a class B armed felony offense, in which case the court may impose a minimum of up to one half of the maximum. Attempted murder in the second degree is not an armed felony offense since neither the possession nor the display of a gun is an element of the crime. (Penal Law § 125.25.) While defendant's use of a shotgun was a factual element of the crime, it was not a statutory element. Inasmuch as the court obviously intended to sentence defendant to the maximum term allowable, we find a remand for resentence unnecessary and we modify the sentence accordingly.

*(See, People v Gonzalez, supra.)* We have examined the remaining arguments advanced by appellant and find them lacking in merit. Concur—Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.