■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BATTLES, Appellant.—Judgment, Supreme Court, Bronx County (Frank Blangiardo, J.), rendered July 15, 1983, which convicted defendant, after jury trial, of attempted murder in the second degree, robbery in the first degree, two counts of assault in the second degree and criminal possession of a weapon in the second degree, and sentenced him to concurrent indeterminate terms of imprisonment of 7½ to 15 years on the conviction for attempted murder in the second degree and robbery in the first degree, pursuant to Penal Law § 70.02 (4), and to three concurrent terms of 2 to 6 years on the remaining convictions, unanimously modified, on the law, to the extent of reducing the sentence of 7½ to 15 years imposed on the conviction for attempted murder in the second degree to 5 to 15 years on that count, and otherwise affirmed.

As the People concede, the 7½- to 15-year sentence for attempted murder in the second degree is an improper sentence since attempted murder is not an armed felony offense *(People v Lawrence,* 97 AD2d 718, *affd* 64 NY2d 200). An "armed felony" (CPL 1.20 [41]) is

"any violent felony offense defined in section 70.02 of the penal law that includes as an element either:

"(a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged; or

"(b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

Although attempted murder in the second degree is a class B violent felony offense under Penal Law § 70.02, its elements do not include either possession of a deadly weapon or display of a firearm (Penal Law §§ 110.00, 125.25 [1]). Possession, display or use of a firearm or deadly weapon is not an element of murder in the second degree or of attempted murder in the second degree. Obviously, either may be committed in other ways, without firearms or deadly weapons.

The maximum term of an indeterminate sentence for a class B violent felony must be at least six years and must not exceed 25 years (Penal Law § 70.02 [3] [a]). As provided in Penal Law § 70.02 (4), the minimum period of imprisonment under an indeterminate sentence for a class B violent felony

cannot exceed one third of the maximum term imposed, which in this case was 15 years. Hence, Trial Term improperly set the minimum period at 7½ years.

Accordingly, we have directed that the minimum be reduced to five years.

We have examined the remaining contentions of defendant and find no basis to disturb the verdict of the jury or the remaining sentences imposed. Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.