■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CAMPANERIA, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered October 1, 1984, convicting defendant after jury trial of manslaughter in the first degree (Penal Law § 125.20), criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and criminal possession of a weapon in the second, third and fourth degrees (Penal Law §§ 265.03, 265.02 and 265.01), and sentencing him to indeterminate terms of imprisonment of from 9 to 18 years on the manslaughter count, 4 to 12 years on the drug possession count, and 2⅓ to 7 years, 2 to 6 years and a one-year determinate sentence, respectively, on the weapon possession counts, all to run concurrently, unanimously modified, on the law, to the extent of reversing the sentence on the manslaughter count and reducing the term of imprisonment for manslaughter in the first degree to 6 to 18 years, and otherwise affirmed.

As defendant contends and the People properly concede, possession of a deadly weapon or display of a firearm is not an element of manslaughter in the first degree (Penal Law § 125.20). Accordingly, manslaughter in the first degree is not an armed felony offense as defined in CPL 1.20 (41), and the imposition of a minimum term of imprisonment of one half the maximum term pursuant to Penal Law § 70.02 (4) was illegal *(People v Roman,* 114 AD2d 809). Although it is undisputed that a gun was used in the killing, such use is not a statutory element of the crime *(People v Rhodes,* 107 AD2d 582; *People v Gonzalez,* 99 AD2d 1001). As these cases hold, the permissible minimum imposed period of incarceration for a first felony offender convicted of a violent felony offense is, with the exeption of a class B armed felony offense, one third of the maximum (Penal Law § 70.02 [4]).

Remand is unnecessary where, as here, the defendant and

the People consent to a resentencing, and it is patent that the trial court was under a misapprehension that manslaughter in the first degree was an armed felony offense when it improperly sentenced defendant to a minimum term of imprisonment which was one half of the maximum.

We have examined the other assignments of error made by defendant and find them to be without merit.

Accordingly, we direct that the sentence on the manslaughter count be reduced to 6 to 18 years, and that the convictions and sentences be otherwise affirmed. Concur—Sandler, J. P., Sullivan, Fein and Rosenberger, JJ.