OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *785
 
 Defendant has been convicted of murder, second degree, after a jury trial. He does not deny that he was present at the scene of the crime but he denies that he shot decedent or that he knew of the intention of the shooter to do so. The People submitted circumstantial evidence that: defendant sought out decedent at a social gathering at the home of a friend; he induced him to leave the group to resolve a dispute with decedent’s cousin; the two men left the gathering with two women and went to defendant’s car in which another man was waiting; they took the two women home, then drove directly to a darkened corner of 166th Street and Washington Avenue in The Bronx, where, after a witnessed argument between decedent and one of the two men from defendant’s car over decedent’s "squealing”, an argument which lasted several minutes, decedent was killed by repeated shotgun blasts fired at close range.
 

 Defendant’s actions and the timing of the events of the evening permitted the jury to infer that defendant, decedent and the other man drove directly to the murder scene after dropping off the women, that the two men had a shotgun with them from the outset and that defendant must have known of it because of the difficulty of concealing it in his car. The jury also could consider that the accessory was present for several minutes in the waiting car while the shooter argued with decedent while holding a shotgun and from all this it could fairly find that defendant either shot decedent or participated in the planning to kill him and shared the intent of the shooter to do so.
 

 Defendant also contends that in view of the uncertain identification testimony of the eyewitness to the killing, the court could not properly instruct the jury that it could find him guilty of murder either as an accessory or as a principal. Inasmuch as the indictment charged defendant with murder under an acting in concert theory and there was evidence which, if accepted by the jury, would support a finding that defendant was either the shooter or the driver of the car, the charge was correct
 
 (see, People v Duncan,
 
 46 NY2d 74;
 
 People v Benzinger,
 
 36 NY2d 29).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.