■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORNELL R. THORPE, Appellant.—Motion by the defendant for reargument of an appeal from a judgment of the County Court, Suffolk County (Seidell, J.), rendered June 29, 1983, which was determined by a decision and order of this court, dated December 31, 1986.

Ordered that the motion is granted, and upon reargument, this court's decision and order dated December 31, 1986 is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered June 29, 1983, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 5 to 10 years' imprisonment.

Ordered that the judgment is modified, on the law, by reducing the sentence of an indeterminate term of 5 to 10 years' imprisonment imposed upon the defendant's conviction under count five of the indictment, charging him with robbery in the first degree, to a sentence of 3⅓ to 10 years on said count; as so modified, the judgment is affirmed.

The defendant was charged under count five of the indictment with committing the crime of robbery in the first degree, in that: "[A]cting in concert with [another person] and aided by others, on January 22, 1983 in Suffolk County [he] forcibly stole certain property from Kenneth Ficarra, namely, United States currency and in the course of the commission of the crime and of immediate flight therefrom [he] used or threatened the immediate use of a dangerous instrument, namely, a

rifle and pistol." Count five of the indictment is based on Penal Law § 160.15 (3) which provides as follows:

"§ 160.15 Robbery in the first degree

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * *

"3. Uses or threatens the immediate use of a dangerous instrument".

Robbery in the first degree is a class B violent felony offense under Penal Law § 70.02, and the maximum term of an indeterminate sentence for a class B violent felony must be at least 6 years and must not exceed 25 years (see, Penal Law § 70.02 [3] [a]). The maximum period of imprisonment of 10 years imposed upon the defendant under count five of the indictment was therefore proper. As provided in Penal Law § 70.02 (4), the minimum period of imprisonment under an indeterminate sentence for a class B violent felony must be fixed at one third the maximum term imposed, except in the instance where the conviction is for "a class B armed felony offense" in which case the court may impose a minimum term, up to one half the maximum imposed. An armed felony offense (CPL 1.20 [41]) is:

"any violent felony offense defined in section 70.02 of the penal law that includes as an element either:

"(a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged; or

"(b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

The sentencing court imposed the enhanced minimum of five years on count five of the indictment under the apprehension that robbery in the first degree, as defined in Penal Law § 160.15 (3), was an "armed felony offense". Although count five of the indictment specified that the dangerous instrument used by the defendant was a pistol, and the defendant admitted the use of a gun during the plea colloquy, the crime of robbery in the first degree as defined in Penal Law § 160.15 (3) is not an armed felony since neither the possession nor display of a gun is a statutory element of that crime (see, People v Lawrence, 97 AD2d 718, affd 64 NY2d 200; People v Roman, 114 AD2d 809, lv denied 67 NY2d 889; People v Battles, 117 AD2d 509, lv denied 68 NY2d 665; People v Colon, 111 AD2d

9). Accordingly, the minimum term of the defendant's sentence under count five of the indictment has been modified to the extent indicated.

We have examined defendant's remaining argument and find it to be without merit. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.