■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON SERRANO, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Lombardo, J.), both rendered July 18, 1984, convicting him of murder in the second degree under indictment No. 1257/84, and attempted murder in the second degree, under indictment No. 1334/84, upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of imprisonment of 15 years to life and 10 to 20 years, respectively.

Ordered that the judgment under indictment No. 1334/84 is modified, on the law, by reducing the minimum term of imprisonment imposed on the defendant's conviction of attempted murder in the second degree from 10 years to 6⅔

years; as so modified, that judgment is affirmed; and it is further,

Ordered that the judgment under indictment No. 1257/84 is affirmed.

The defendant failed to raise his objections regarding the adequacy of his plea allocutions in the court of first instance and, accordingly, has not preserved his claims for appellate review *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636).* In any event, the record reveals that the defendant knowingly and intelligently pleaded guilty *(People v Harris,* 61 NY2d 9).* The defendant's claim that he was denied the effective assistance of counsel is based on allegations which are dehors the record and thus cannot be reviewed on direct appeal.

Lastly, we note that the sentence imposed by the trial court on the defendant's conviction for attempted murder in the second degree was not a legally permissible sentence and accordingly must be modified on appeal to reduce the minimum term to one third of the maximum actually imposed *(see,* Penal Law § 70.02 [4]; *People v Battles,* 117 AD2d 509).* The defendant received precisely the sentence for which he bargained on his conviction for murder in the second degree and that sentence will not be disturbed on appeal *(People v Kazepis,* 101 AD2 816).* Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.