■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HERMINIO PARILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 16, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's application to withdraw his guilty plea.

Ordered that the judgment is affirmed.

The record demonstrates that the fundamentals of accepting the guilty plea were observed, that the defendant acknowledged facts sufficient to establish the commission of the crime of criminal possession of a controlled substance in the third degree and that his plea was knowingly and voluntarily entered (see, People v Harris, 61 NY2d 9; People v Spain, 110 AD2d 724). The decision of whether to permit a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court (CPL 220.60 [3]; People v Stubbs, 110 AD2d 725, 727; People v Kelsch, 96 AD2d 677, 678). In the instant case, the court afforded the defendant a hearing on the issue of whether his plea had been the result of undue pressure and permitted the defendant's polygraph expert to testify. Significantly, the defendant's admission of guilt during the plea allocution had not been accompanied by any claim of innocence. Under the circumstances, the denial of the defendant's motion to withdraw his guilty plea was not improper (see, People v Frederick, 45 NY2d 520, 524-525). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.