■ In the Matter of CHARLES VENTURA, Appellant, v WAL-TER J. KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed *(see, People v Ditniak,* 28 NY2d 74, 80). (Appeal from judgment of Supreme Court, Wyoming County, Dadd., J.—art 78.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Shortly after a purse-snatching incident, police stopped and briefly questioned two individuals matching the perpetrators' description. The suspects agreed to accompany the police to the scene for identification purposes. Before being placed in the vehicle, the suspects were frisked. A change purse and pack of cigarettes were taken from defendant and placed in plain view on the front dash of the police car. During the showup, the witness and the victim separately walked past the police car, and both identified defendant as the person who grabbed the purse. After identifying the defendant, the victim observed the change purse and cigarette pack on the front dash of the vehicle and identified those items as having been in her purse.

We reject defendant's claim that the mere presence of the victim's property in plain view on the front dash warranted suppression of identification testimony. The record indicates that the victim did not see her property until after the identification, and the police officers did not engage in any conduct that called the victim's attention to the property prior to, or during, her identification of defendant. Under the circumstances, the trial court properly concluded that the showup procedure was not unduly suggestive *(People v Love,* 57 NY2d 1023; *People v Brooks,* 125 AD2d 481, *lv denied* 69 NY2d 877; *People v Kennerly,* 117 AD2d 624, *lv denied* 67 NY2d 945). (Appeal from judgment of Monroe County Court, Celli, J.—robbery, third degree; grand larceny, third degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.