■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO OQUENDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 20, 1987, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the defendant's conviction of attempted murder in the second degree from 12½ to 25 years' imprisonment to 8⅓ to 25 years' imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that the defendant had the specific intent to kill Perry Peebles notwithstanding that it was an accomplice who actually committed the acts *(see,* Penal Law § 20.00; *People v Whatley,* 69 NY2d 784; *People v La Belle,* 18 NY2d 405). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the sentence imposed upon the defendant for attempted murder in the second degree, 12½ to 25 years' imprisonment, was unlawful. The sentencing court was apparently acting under the belief that attempted murder, a class B violent felony offense *(see,* Penal Law § 70.02 [1] [a]), is an armed violent felony, thereby giving it the discretion to impose a minimum term of imprisonment which is between one third and one half the maximum term imposed *(see,* Penal Law § 70.02 [4]). However, attempted murder in the second degree is not an armed felony, because it does not include as an element either possession, being armed with or causing serious physical injury by means of a deadly weapon or the display of what appears to be a firearm *(see,* CPL 1.20 [41]; *People v Lawrence,* 97 AD2d 718, *affd* 64 NY2d 200; *People v Serrano,* 116 AD2d 509). Thus, the minimum authorized term of imprisonment was not discretionary, and the sentence has been modified accordingly.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.

