■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WAYNE DREW, Appellant.—Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered December 22, 1987, convicting defendant, upon pleas of guilty, of robbery in the first degree (Penal Law § 160.15 [1]) and attempted murder in the second degree (Penal Law §§ 110.00, 125.25), and sentencing him, as an armed felon, to two concurrent indeterminate prison terms of 9 to 18 years, unanimously modified, on the law, to the extent of reducing the minimum term of each sentence to six years, and otherwise affirmed.

On appeal, defendant contends that he was illegally sentenced as an armed felon. We agree. An "armed felony" is defined in CPL 1.20 (41) as:

"[A]ny violent felony offense defined in section 70.02 of the penal law that includes as an element either:

"(a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged; or

"(b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

Although attempted murder in the second degree and the theory of first degree robbery of which defendant was convicted are both class B violent felonies, neither crime satisfies the second requirement of the definition of an armed felony because their elements do not include either possession of a deadly weapon or display of a firearm. In that regard, the fact that guns were involved in both crimes to which defendant pleaded guilty is irrelevant to the legal analysis. (See, People v Thorpe, 129 AD2d 822, 823; People v Roman, 114 AD2d 809, 810, lv denied 67 NY2d 889.)

Consequently, since neither crime is an armed felony offense as defined by CPL 1.20 (41), the imposition of a minimum term of imprisonment of one half the maximum term imposed was unauthorized. (See, Penal Law § 70.02 [4].) Rather, the minimum period of imprisonment under an indeterminate sentence for a violent felony offense, not otherwise designated as an armed felony offense, must be fixed at one third of the maximum term imposed. (See, Penal Law § 70.02 [4]; People v Battles, 117 AD2d 509, lv denied 68 NY2d 665; People v Rivera, 111 AD2d 71, 72; People v Lawrence, 97 AD2d 718, affd 64 NY2d 200.)

Accordingly, the judgment is modified to the extent of reducing the minimum term of each sentence to six years, and is otherwise affirmed. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Smith, JJ.