■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAPEHART, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 7, 1987, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress identification testimony and certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in denying the defendant's motion to withdraw his pleas of guilty. The record reveals that the defendant voluntarily, knowingly and intelligently entered his pleas of guilty (see, People v Harris, 61 NY2d 9) and that he readily made full factual allocutions admitting his guilt of the crimes (see, People v Parilla, 135 AD2d 745; People v Williams, 145 AD2d 672). The defendant's assertion of coercion was properly rejected (see, People v Doherty, 134 AD2d 513; People v Stubbs, 110 AD2d 725).

Moreover, we find no basis for disturbing the hearing court's

finding that the witness's identification of the defendant while handcuffed and in a police vehicle *(see, People v Session,* 143 AD2d 233; *People v Dennis,* 125 AD2d 325; *People v Johnson,* 102 AD2d 616) and in the presence of recovered property *(cf., People v Brown,* 143 AD2d 524), was not impermissibly suggestive. Furthermore, the court correctly ruled that there was an independent basis for the witness's in-court identification of the defendant *(see, People v Riley,* 70 NY2d 523).

Finally, inasmuch as the statements made by the defendant at the precinct were volunteered and not made in response to police interrogation *(see, People v Kaye,* 25 NY2d 139; *People v Wade,* 143 AD2d 703, 707; *People v Sanders,* 79 AD2d 688, 689), we perceive no impropriety in the court's ruling finding them to be admissible *(cf., People v Bethea,* 67 NY2d 364).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.