■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC D. BAILEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 25, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's guilt. In order to hold an accessory criminally liable for acts committed by his principal, the People must prove, beyond a reasonable doubt, *inter alia,* that the accessory possessed the requisite mental culpability for the crimes charged *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405, 411-413). Accordingly, it was incumbent upon the prosecution to prove that the defendant had the "conscious objective" (Penal Law § 15.05 [1]) of aiding the codefendant in "caus[ing] serious physical injury to [the victim]" (Penal Law § 125.20 [1]).

Turning to the facts in the case at bar, the defendant's inculpatory statement provided direct proof concerning his intent at the time he arrived at the scene of the shooting with

the codefendant. By his own admission, the defendant's purpose was to assault the victim with the two-foot metal pipe he was carrying as he did the previous day to the victim's brother. Furthermore, there was circumstantial evidence confirming the defendant's intent. The fact that the police did not recover a gun from the victim's body or in the vicinity thereof enabled the jury to conclude that, contrary to the codefendant's testimony, the victim did not draw a gun, precipitating a responsive firing by the codefendant, and that they were in fact the aggressors in their encounter with the victim. Finally, the defendant's flight from the scene is some, slight evidence of guilt and belies the conclusion that he was merely present at the shooting. For these reasons, we find that the evidence was sufficient to demonstrate that the defendant possessed the requisite mental culpability to sustain the conviction against him for manslaughter in the first degree.

This court has previously considered and rejected some of the other issues raised by the defendant on the appeal of his codefendant Kevin Morris, with whom he was jointly tried (see, People v Morris, 140 AD2d 551). None of the contentions raised by the defendant requires a different result. We have reviewed the additional arguments presented by the defendant on his appeal, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.