THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD AKPTOTANOR, Appellant.—

The defendant's conviction stemmed from the death of Florence Itoje, who was shot outside her apartment by the defendant's brother-in-law, Jonathan Ononkpevwe. Prior to

the shooting, the defendant had argued with the deceased, had grabbed her neck and pulled her toward the sidewalk. After the two were separated by a bystander, the defendant shouted: "Come. Come, Jonathan, and get her. She's out here. She's out here. Come and get her". Ononkpevwe then came running toward them from across the street, pulled a gun from his waistband, and shot the deceased. After the shooting both men fled together.

It is uncontroverted that the defendant neither possessed the murder weapon nor fired the fatal shots. Indeed the evidence disclosed that he possessed no weapon. Thus, to hold him criminally responsible for the conduct of the shooter, the People were obligated to prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crime and, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime (Penal Law § 20.00; *People v Torres,* 153 AD2d 911; *see also, People v La Belle,* 18 NY2d 405). The People failed to meet this burden.

While the evidence tended to show that there was some community of purpose between the defendant and the shooter, in that the defendant apparently flushed out the victim, the purpose established was less in degree than an intention to kill *(see, People v Hayes,* 117 AD2d 621; *People v Monaco,* 14 NY2d 43). The People proffered no evidence that the defendant knew that his brother-in-law intended to shoot and kill the victim, or even that he had a gun *(cf., People v McClary,* 138 AD2d 413; *People v Whatley,* 69 NY2d 784). Under the circumstances, and in light of the People's failure to establish beyond a reasonable doubt that the defendant shared the shooter's intent to kill, the judgment of conviction must be reversed and the indictment dismissed as against him.

In light of our decision, we do not reach the defendant's remaining contention. Mollen, P. J., Mangano and Brown, JJ., concur.

Thompson, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: The issue on this appeal is whether the evidence adduced at trial was sufficient to support an inference that the defendant Richard Akptotanor, who was not the actual shooter, shared the intent of his codefendant Jonathan Ononkpevwe to kill the victim Florence Itoje. I find that the People established beyond a reasonable doubt that the defendant shared a community of purpose with Ononkpevwe and, therefore, his conviction of

murder under an acting in concert theory should be sustained. Accordingly, I respectfully dissent and vote to affirm the judgment of conviction.

The defendant and Ononkpevwe were jointly tried and convicted of the crime of murder in the second degree. It was the People's theory that while Ononkpevwe actually fired the fatal shots, the defendant was guilty as an accomplice to the murder. It is well settled that in order to hold an accessory criminally liable for acts committed by a principal actor, the People must prove beyond a reasonable doubt that the accessory possessed the mental culpability necessary to commit the crime charged and in furtherance thereof, solicited, requested, commanded, importuned or intentionally aided the principal (Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v McClary,* 138 AD2d 413)..

In the instant case, there was evidence that the defendant, who was the brother-in-law of and lived with the codefendant Ononkpevwe, went to Itoje's apartment, where he proceeded to bang on and kick a window until it broke. At the time of the occurrence, Itoje was having dinner in her apartment with her uncle, his children and the defendant's brother and sister. The defendant's sister Victoria was Ononkpevwe's estranged wife. Ononkpevwe testified that he blamed Itoje for the problems he was having with Victoria. The defendant was aware of those problems. Indeed, earlier in the day the defendant had quarreled with his sister Victoria concerning her pregnancy by a man other than Ononkpevwe. After the defendant broke the window, Itoje went outside and began arguing with the defendant. The defendant grabbed her by the neck and began dragging her toward the sidewalk as Itoje screamed "Leave my neck alone. Take your hands out of my neck". Itoje's uncle separated the defendant from Itoje, at which point the defendant yelled "Come. Come, Jonathan and get her. She's out here. Come and get her". Ononkpevwe then came running from across the street, pulled a gun from his waistband, and, as Itoje attempted to flee, shot her three times resulting in Itoje's death. Immediately after the fatal shots were fired, the defendant and Ononkpevwe fled the scene together on foot.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), I find that it was legally sufficient to establish that the defendant acted in concert with, and intentionally aided Ononkpevwe in causing Itoje's death. The inference of the defendant's guilt is consistent with, and flows naturally and logically from the facts proved *(see, People*

*v Kennedy,* 47 NY2d 196, 202, *rearg dismissed* 48 NY2d 635, 656; *People v Benzinger,* 36 NY2d 29, 32). I simply cannot agree with the majority that the proof was insufficient for the jury to infer that the defendant was aware of Ononkpevwe's homicidal intentions and shared his intent to kill the victim. The jury could properly have implied intent from the act of the shooting itself or from the defendant's conduct and the surrounding circumstances *(see, e.g., People v Herring,* 149 AD2d 731, 734; *People v Turner,* 141 AD2d 878). The defendant shared Ononkpevwe's animosity toward Itoje, assumed a purposeful role in the commission of the crime by luring the victim out of her apartment and alerting Ononkpevwe of her position, and fled with Ononkpevwe as soon as the nefarious plan was accomplished. The circumstances of the instant case, therefore, support the jury's conclusion that the defendant shared a community of purpose with Ononkpevwe *(see, People v Allah,* 71 NY2d 830, 832; *People v Whatley,* 69 NY2d 784; *People v McClary,* 138 AD2d 413, *supra).* Accordingly, I would affirm the judgment of conviction.