■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON COTTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 22, 1983, convicting him of murder in the second degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the trial revealed that the defendant, together with the codefendants Kareem Abdul Latif, Robert Rodriguez, and another unapprehended individual participated in the attempted robbery of a Brooklyn drugstore,

during which its 73-year-old proprietor and a woman were shot to death. The record established that before the robbery, the defendant was aware that a robbery of the drugstore was intended and had agreed to act as a lookout during its commission. It was also established that the defendant knew that the codefendant Latif was armed and that he had threatened "to break [the] neck" of the proprietor. Viewing the foregoing evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *cf., People v Bennett,* 160 AD2d 949; *People v Akptotanor,* 158 AD2d 694, *affd* 76 NY2d 1000).

Although the court erred in admitting the inculpatory confessions of the defendant's nontestifying codefendant at their joint trial, we find that the error was harmless beyond a reasonable doubt. In this respect, the case at bar is distinguishable from that of the codefendant Kareem Abdul Latif, whose conviction we reversed on Confrontation Clause grounds *(see, People v Latif,* 135 AD2d 736). Here, as in *People v Hamlin* (71 NY2d 750, 758-759), the defendant's confessions were comprehensive, satisfactorily explained his part in the crime without reference to his codefendant's statements, and were corroborated by other objective evidence *(see, People v Nelson,* 171 AD2d 702; *People v Rivera,* 171 AD2d 708).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.