■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALVIN, Appellant. [598 NYS2d 284] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 2, 1991, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment for murder in the second degree, to run consecutively to an indeterminate term of 12½ to 25 years imprisonment for burglary in the first degree.

Ordered that the judgment is modified, on the law, by reducing the defendant's sentence for burglary in the first degree from an indeterminate term of 12½ to 25 years imprisonment to an indeterminate term of 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

The defendant was convicted of acting in concert with his codefendant Paul Jolly *(see, People v Jolly,* 193 AD2d 816 [decided herewith]), in burglarizing an apartment in Brooklyn and of the execution-style murder of its occupant in front of his brother and five small children. The victim was killed by a single rifle shot to the back of his neck. On appeal, the defendant asserts that the evidence as to the murder charge was insufficient to prove his guilt beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant shared a "community of purpose" and acted in concert with his codefendant in committing the murder *(see, People v Allah,* 71 NY2d 830; *People v La Belle,* 18 NY2d 405; *People v Ramos,* 166 AD2d 468). Further, the facts adduced at trial provided a sufficient basis for the jury's verdict, since the conclusions of guilt were consistent with and flowed naturally from them

*(see, People v Kennedy,* 47 NY2d 196; *see also, People v Whatley,* 69 NY2d 784; *People v Cotto,* 176 AD2d 291; *People v White,* 162 AD2d 646). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also asserts that the court erred in allowing the People to elicit at trial certain statements he made to the police, because he did not receive timely notice of the People's intent to do so pursuant to CPL 710.30. However, if error was committed, it was harmless in light of the overwhelming proof adduced at trial *(cf., People v Amparo,* 73 NY2d 728; *People v Phillips,* 183 AD2d 856).

Finally, in light of the brutal and senseless nature of the killing, the defendant's sentence on the murder charge was not excessive and we decline to reduce it in the interests of justice *(see, People v Delgado,* 80 NY2d 780). However, the defendant's sentence on the burglary charge was illegal. The theory of burglary charged, defined in Penal Law § 140.30 (3), does not constitute an armed felony offense as that term is defined by the relevant statutes *(see,* Penal Law § 70.02 [2], [4]; CPL 1.20 [41]). Therefore, sentencing the defendant as an armed felony offender to a minimum sentence that was one-half the maximum was error *(see, People v Thorpe,* 129 AD2d 822; *People v Drew,* 147 AD2d 411; *People v Edwards,* 121 AD2d 254). Accordingly, we reduce the minimum sentence to one-third the maximum as required by law *(see,* Penal Law § 70.02 [2], [4]). Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.