■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL LEE KEIFFER, Appellant. [617 NYS2d 103] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree, a class B violent felony. In accordance with the plea bargain, defendant, a first felony offender, was sentenced to an indeterminate term of incarceration of 10 to 20 years. We agree with defendant that such sentence is unlawful.

Where a first felony offender is convicted of a class B armed felony offense, Penal Law § 70.02 (4) authorizes the sentencing court to impose a minimum term that is between one third and one half of the maximum term. Defendant, however, was convicted of attempted murder in the second degree, which is not an "armed felony" offense by definition (CPL 1.20 [41]) because possession, use or display of a weapon is not a statutory element of the crime *(see,* Penal Law §§ 110.00, 125.25 [1]). Consequently, the sentencing court erred in impos-

ing a minimum term that was one half of the maximum term *(see, People v Lawrence,* 97 AD2d 718, *affd on other grounds* 64 NY2d 200; *People v Oquendo,* 147 AD2d 506, *lv denied* 74 NY2d 667; *People v Drew,* 147 AD2d 411, 412). Thus, we modify the judgment by vacating the sentence. Because the People's consent to the acceptance of a plea was based on the court's promise to sentence defendant to a period of incarceration of 10 to 20 years, on remittal the court must entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety *(see, People v Irwin,* 166 AD2d 924, 925). Likewise, should the court be unable to fulfill its promise to sentence defendant to a maximum term of incarceration not exceeding 20 years, the court must entertain a motion by defendant, should he be so disposed, to withdraw the plea and set aside the conviction in its entirety *(see, People v Selikoff,* 35 NY2d 227, 241). (Appeal from Judgment of Monroe County Court, Bristol, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.