■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVE KIM, Respondent. [681 NYS2d 549] —Appeal by the People from so much of an order of the Supreme Court, Queens County (Eng., J.), dated January 14, 1998, as granted those branches of the defendant's omnibus motion which were to dismiss the first six counts of Indictment No. 4374/97 charging him with attempted murder in the second degree, assault in the first degree (two counts), gang assault in the first degree, gang assault in the second degree, and criminal possession of a weapon in the fourth degree as charged in count six.

Ordered that the order is modified, on the law, by deleting

the provisions thereof granting those branches of the motion which were to dismiss counts two through six of Indictment No. 4374/97, and substituting therefor a provision denying those branches of the motion and reinstating those counts; as so modified, the order is affirmed insofar as appealed from.

Viewing the evidence in the light most favorable to the People, and giving it the benefit of every favorable inference (*see, People v Contes,* 60 NY2d 620), it was legally sufficient to support counts two through six of the indictment charging various counts of assault and weapon possession. The evidence demonstrated that the defendant was armed with a baseball bat, and participated in a gang revenge attack on the complainant. The defendant, in a statement given to the police, admitted driving several accomplices and searching for the complainant to exact revenge for an earlier altercation. The statement placed him at the scene of the crime with a bat in his hands, although he denied participating. He later drove the assailants away from the scene of the attack. The complainant testified that all of the members of the gang participated in the assault, but did not specifically inculpate the defendant. While this raised a factual issue for a jury's resolution, the evidence was nevertheless legally sufficient to sustain counts two through six of the indictment (*see, People v Jackson,* 44 NY2d 935; *People v Bailey,* 156 AD2d 454; *People v Santana,* 141 AD2d 778; *People v McClary,* 138 AD2d 413; *see also, People v Coulter,* 240 AD2d 756; *People v Wooten,* 214 AD2d 596; *People v Spain,* 110 AD2d 724).

However, the court was correct to dismiss count one of the indictment (*see, People v Akptotanor,* 158 AD2d 694, *affd* 76 NY2d 1000; *People v Ramos,* 130 AD2d 688; *People v Bray,* 99 AD2d 470). The sole murder count of the indictment alleged that the defendant intended to kill the victim (*see,* Penal Law § 125.25 [1]). However, there was insufficient evidence that the revenge attack was intended to be fatal, or that a community of purpose existed to kill the complainant. Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.