■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROYE, Appellant. [682 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered January 3, 1996, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 20 years to life imprisonment on the conviction of murder in the second degree and an indeterminate term of 12½ to 25 years imprisonment on the conviction of attempted murder in the second degree, the sentences to run concurrently.

Ordered that the judgment is modified, on the law, by reduc-

ing the sentence imposed upon the conviction of attempted murder in the second degree from an indeterminate term of 12½ to 25 years imprisonment to an indeterminate term of 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

The defendant's claim that the trial court's instructions to the jury were deficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the charge as a whole (*see, Cupp v Naughten,* 414 US 141, 146-147; *see also, People v Fields,* 87 NY2d 821, 823), the trial court conveyed the proper legal standards to the jury.

The court, however, incorrectly sentenced the defendant on the count of attempted murder in the second degree as an armed felony offender. Attempted murder in the second degree "is not an 'armed felony' offense by definition (CPL 1.20 [41]) because possession, use or display of a weapon is not a statutory element of the crime (*see,* Penal Law §§ 110.00, 125.25 [1])" (*People v Keiffer,* 207 AD2d 1022; *see, People v Oquendo,* 147 AD2d 506; *People v Serrano,* 116 AD2d 509, 510). Thus, the sentencing court erred in imposing as the minimum term of imprisonment a sentence that was one-half of the maximum term (*see, People v Keiffer, supra,* at 1022-1023; *People v Oquendo, supra; People v Serrano, supra*). Inasmuch as the record reveals that the court intended to sentence the defendant to the maximum allowable sentence for his attempted murder conviction, the defendant's sentence for his attempted murder conviction is reduced to an indeterminate term of 8⅓ to 25 years imprisonment (*see, People v Serrano, supra*). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.