OPINION OF THE COURT
Frank J. LaBuda, J.
*772 This matter comes on by omnibus motion and/or order to show cause submitted separately and independently by counsel for each codefendant seeking an order dismissing all counts under indictment No. 157/99, including gang assault in the first degree, and granting each codefendant separate trials.
Sullivan County District Attorney submits an affirmation in opposition as to each codefendant.
Indictment No. 157/99 charges the above codefendants as follows:
Count I: codefendants Kleingartner, Vagnone and Blume, acting together and in concert, with assault in the first degree under Penal Law § 120.10 (3);
Count II: codefendants Kleingartner, Vagnone and Blume, acting together and in concert, with gang assault in the first degree under Penal Law § 120.07;
Count III: defendant Kleingartner with assault in the second degree under Penal Law § 120.05 (1);
Count IV: defendant Vagnone with assault in the second degree under Penal Law § 120.05 (4);
Count V: defendant Blume with assault in the second degree under Penal Law § 120.05 (1).
The initial issue before the court is the sufficiency of the evidence before the Grand Jury to sustain a charge of gang assault and what constitutes a “gang.”
“A person is guilty of gang assault in the first degree when, with intent to cause serious physical injury to another person and when aided by two or more other persons actually present, he causes serious physical injury to such person or to a third person.” (Penal Law § 120.07 [emphasis added].)
Gang assault crimes were enacted in 1996 as part of a two-crime package because gang assaults “pose a greater threat to public safety than assaults committed by individual actors” and are particularly harrowing crimes which are “not only terrifying to victims but tends to increase the likelihood that severe or lethal injuries will be inflicted.” (Senate Mem in Support, 1996 McKinney’s Session Laws of NY, at 2582.)
It is clear to this court that the sole legislative intent was to stop the spread of “gang violence” by enhancing the penalty for assaults committed by gang members.
A traditional interpretation of the term “gang” is “a group of persons working to unlawful or antisocial ends, especially a band of antisocial adolescents.” (Merriam-Webster’s Collegiate Dictionary [10th ed].)
*773 The phrase under Penal Law § 120.07, “two or more other persons actually present,” was taken from the definition of robbery in the second degree under Penal Law § 160.10 (1), “another person actually present.” (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 120, at 123-124.)
This court can find no case defining what the “two or more other persons actually present” means in a gang context.
However, the similar language in robbery in the second degree is instructive herein. It has been interpreted to mean that a person participating as a getaway driver who was not present in the immediate vicinity of the robbery and did not participate in the threats of force, the actual force or the taking of the property is not “another person actually present.” (People v Hedgeman, 70 NY2d 533 [1987].) However, a getaway driver who remains in the car while his partner robs a person on the street near the car is “another person actually present” as he was within the vicinity, able to render assistance and his presence posed a risk of additional violence. (People v Dennis, 75 NY2d 821 [1990]; see, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 120, at 124.)
However, it must be kept in mind that a person who may not be “actually present,” as above, may still be charged as a codefendant in that he was acting together and in concert under Penal Law § 20.00.
This court has reviewed the Grand Jury testimony, in camera, viewed the evidence in the light most favorable to the People, and gave it the benefit of every favorable inference (People v Kim, 255 AD2d 337 [2d Dept 1998]; see also, People v Allah, 71 NY2d 830; People v Contes, 60 NY2d 620).
The Grand Jury testimony shows that, after an initial heated, verbal argument with codefendant Blume, the victim left the bar, entered his vehicle and drove out of the parking lot onto the street. After driving some 20 to 50 feet along the roadway, the victim pulled his vehicle to the side of the road and parked it with the motor running and the lights on. The victim then walked back toward the bar’s parking lot but was met on the roadway by codefendant Kleingartner. They walked back to the victim’s vehicle followed closely by codefendant *774 Vagnone.[1] Codefendant Blume was not in the vicinity at the time. The victim stopped at the driver’s side rear of his vehicle and codefendant Kleingartner positioned himself between the victim and the driver’s door of the vehicle. Codefendant Kleingartner and the victim were engaged in what has been described as a calm conversation, with codefendant Vagnone positioned in close proximity. Codefendant Kleingartner suddenly punched the victim in the face, knocking him to the ground, where he allegedly hit his head on the road surface and remained motionless. Codefendant Kleingartner then positioned himself between the victim’s legs and either hit him again or attempted to revive him. At this point, codefendant Vagnone approached the motionless victim and kicked him in the head several times with work boots. After codefendant Vagnone had ceased kicking the victim, and while codefendant Kleingartner attempted to aid the victim, codefendant Blume left the doorway of the bar, crossed the parking lot and approached the victim in the roadway. Codefendant Blume, yelling at the victim, either, according to persons present, punched the victim once in the head or never even got to the victim because he was restrained by others.
There is no Grand Jury testimony showing that all three codefendants were either acting in concert or were even in the same vicinity as the victim at the time of the alleged assaults.
Penal Law § 120.07 requires that an actor must be aided by two or more persons actually present. Certainly, a jury might find that codefendants Kleingartner and Vagnone were in close proximity to the victim so as to have aided each other.[2] However, codefendant Blume was not in the vicinity and needed to leave the bar, cross the parking lot and approach the victim on the roadway after all fisticuffs were over with Vagnone and Kleingartner.
In addition, there was no testimony that the three codefendants are a “gang,” conspired together to get the victim, or acted out of a common plan to assault the victim as a “gang.”
There was insufficient evidence produced before the Grand Jury to sustain a charge of gang assault in the first degree under count II against any of the within codefendants.
*775 Accordingly, count I, assault in the first degree, required the showing at Grand Jury that all three codefendants acted together and in concert.
Penal Law § 20.00, entitled “Criminal liability for conduct of another,” requires that “When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he * * * intentionally aids such person to engage in such conduct.” (Penal Law § 20.00 [emphasis added]; see also, People v Kaplan, 76 NY2d 140 [1990].)
For the reasons stated above, this court finds insufficient evidence to sustain a charge of assault in the first degree under count I as to codefendant Blume.
The remaining counts III, IV and V are individual as to specific defendants, not requiring proof of acting together and in concert, and this court will not, and cannot, comment upon the adequate showing of proof as to intent since this is a question left to the trier of fact.
Sufficient argument having been shown as to the severance of the trials herein this court shall grant a Bruton hearing consistent with this decision and order.
Based upon the above, it is ordered that count I, as to codefendant Blume only, is dismissed, and it is further ordered that count II, as to all codefendants, Kleingartner, Vagnone and Blume, is dismissed, and it is further ordered that all other motions as to counts III, IV and V are denied, and it is further ordered that a Bruton hearing consistent with this decision and order shall be held.

. Vagnone and Kleingartner were apparently drinking together at the bar and did not know Blume or associate with him in or outside the bar.

. Even if both Kleingartner and Vagnone were members of a formally formed gang, a charge under Penal Law § 120.07 could not be sustained as an actor must be aided by two or more persons actually present. (See, Abramovsky, The Gang-Assault Statute in New York, NYLJ, Dec. 12, 1997, at 3, col 1.)